MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Jamie A. Levitt
Stefan W. Engelhardt
Todd M. Goren
Samantha Martin
*Counsel for the Debtors*

KRAMER LEVIN NAFTALIS &
  FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Gregory A. Horowitz
Kenneth H. Eckstein
Douglas Mannal
*Counsel to the Official Committee of
Unsecured Creditors*

CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
Michael Moscato
Theresa A. Foudy
*Conflicts Counsel for the Debtors*

PACHULSKI STANG ZIEHL &
  JONES LLP
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Robert J. Feinstein
John A. Morris
*Counsel to the Official Committee of
Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

| | |
|---|---|
| ----------------------------------------------------------------- | ) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) |
| | ) |
|           Plaintiffs, | ) |
| | ) |
|       v. | ) |
| | )  Adv. Case No. 13-01343 (MG) |
| UMB BANK, N.A., IN ITS CAPACITY AS | ) |
| INDENTURE TRUSTEE FOR THE 9.625% | ) |
| JUNIOR SECURED GUARANTEED | ) |
| NOTES, <u>et al</u>., | ) |
| | ) |
|           Defendants. | ) |
| ----------------------------------------------------------------- | ) |
| | ) |
| OFFICIAL COMMITTEE OF UNSECURED | ) |
| CREDITORS, on behalf of the estate of the | ) |
| Debtors, | ) |
| | ) |
|           Plaintiff, | ) |
| | )  Adv. Case No. 13-01277 (MG) |
|       v. | ) |
| | ) |
| UMB BANK, N.A., AS SUCCESSOR | ) |
| INDENTURE TRUSTEE UNDER THAT | ) |
| CERTAIN INDENTURE, dated as of June 6, | ) |
| 2008, <u>et al</u>., | ) |
| | ) |
|           Defendants. | ) |
| ----------------------------------------------------------------- | ) |

## PLAINTIFFS' ANSWER AND AFFIRMATIVE DEFENSES TO THE COUNTERCLAIMS OF DEFENDANTS UMB BANK, N.A. AND THE <u>AD HOC GROUP OF JUNIOR SECURED NOTEHOLDERS</u>

Plaintiffs Residential Capital, LLC ("ResCap"), GMAC Mortgage LLC, Residential Funding Company, LLC, and each of their affiliated debtors and debtors in possession (collectively, the "Debtors"), and the Official Committee of Unsecured Creditors (the "Committee", and together with the Debtors, the "Plaintiffs") in the above-captioned Chapter 11 cases (these "Chapter 11 Cases," or the "Cases"), by and through their undersigned attorneys, as counterclaim defendants and plaintiff-intervenor, respectively, in the above-captioned consolidated adversary proceeding (the "Adversary Proceeding") hereby answer the counterclaims (the "Counterclaims") asserted by defendants UMB Bank, N.A. ("UMB"), in its capacity as indenture trustee for the 9.625% Junior Secured Guaranteed Notes due 2015 issued by Debtor ResCap (the "Notes") and the Ad Hoc Group of Junior Secured Noteholders (the "Ad Hoc Group" and, with UMB, the "Defendants", with each of the holders of a Junior Secured Note, a "JSN") and respond as follows:

1.      The Plaintiffs refer to the Amended Complaint,[1] the Committee Complaint and the Counterclaims for a complete and accurate description of the "disputes" in the Adversary Proceeding, and otherwise deny the allegations of paragraph 1.

2.      The Plaintiffs refer to the Amended Complaint and the Committee Complaint for a complete and accurate description of their contentions, and otherwise deny the allegations of paragraph 2.

3.      The Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court and refer to the Counterclaims for a complete and accurate description thereof.  The Plaintiffs otherwise deny the allegations of paragraph 3.

4.      Paragraph 4 states legal conclusions to which no response is required.

---

[1] All capitalized terms not defined in this Answer are ascribed the meanings given to them in the Amended Complaint and the Counterclaims.

5.      Paragraph 5 states legal conclusions to which no response is required.

6.      Paragraph 6 states legal conclusions to which no response is required.

7.      Paragraph 7 states legal conclusions to which no response is required.

8.      The Plaintiffs deny information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8.  Pursuant to Rule 7012-1 of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, the Plaintiffs consent to entry of final orders and judgment by this Court with respect to all of the Defendants' asserted counterclaims against the Debtors to the extent that this Court cannot enter final orders or judgment consistent with Article III of the United States Constitution.

9.      The Plaintiffs admit the allegations of paragraph 9, and further state that Wells Fargo Bank, N.A. is also a defendant in the Adversary Proceeding but not a counterclaim plaintiff.

10.     The Plaintiffs admit the allegations of paragraph 10.

11.     The Plaintiffs admit the allegations of paragraph 11.

12.     The Plaintiffs admit the allegations of paragraph 12.

13.     The Plaintiffs admit that the JSNs held secured claims against ResCap and certain of its affiliates as of the Petition Date, and otherwise deny the allegations of paragraph 13.

14.     The Plaintiffs refer to the JSN Indenture and JSN Pledge Agreement for a complete and accurate description of their contents, and otherwise deny the allegations of paragraph 14, except to the extent they state legal conclusions to which no response is required.

15.     The Plaintiffs admit that the Debtors made a payment of $800,000,000 in respect of the Junior Secured Notes on or about June 13, 2013, and that a copy of a proof of claim filed with respect to the Junior Secured Notes was attached to the Counterclaims as Exhibit C.  The

Plaintiffs otherwise deny the allegations of paragraph 15, except to the extent they state legal conclusions to which no response is required.

16.     The Plaintiffs deny the allegations of paragraph 16.

17.     The Plaintiffs refer to the JSN Pledge Agreement and the Intercreditor Agreement for a complete and accurate description of their contents, and otherwise deny the allegations of paragraph 17, except to the extent they state legal conclusions to which no response is required.

18.     The Plaintiffs refer to the JSN Pledge Agreement for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 18, except to the extent they state legal conclusions to which no response is required.

19.     The Plaintiffs refer to the JSN Pledge Agreement for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 19, except to the extent they state legal conclusions to which no response is required.

20.     The Plaintiffs refer to the JSN Pledge Agreement for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 20, except to the extent they state legal conclusions to which no response is required.

21.     The Plaintiffs refer to the JSN Pledge Agreement for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 21, except to the extent they state legal conclusions to which no response is required.

22.     The Plaintiffs refer to the Amended Complaint and the JSN Pledge Agreement for a complete and accurate description of their contents, and otherwise deny the allegations of paragraph 22, except to the extent they state legal conclusions to which no response is required.

23.      The Plaintiffs admit that on June 25, 2012, the Court entered the Final Cash Collateral Order, and refer to the Final Cash Collateral Order and the JSN Pledge Agreement for

a complete and accurate description of their contents. The Plaintiffs otherwise deny the allegations of paragraph 23, except to the extent they state legal conclusions to which no response is required.

24. With respect to the allegations of paragraph 24, the Plaintiffs refer to the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors*, filed on July 4, 2013 [Docket No. 4157] (the "Disclosure Statement"), and deny the allegations to the extent they are inconsistent with the Disclosure Statement, except to the extent they state legal conclusions to which no response is required.

25. With respect to the allegations of paragraph 25, the Plaintiffs refer to the Disclosure Statement, and deny the allegations to the extent they are inconsistent with the Disclosure Statement, except to the extent they state legal conclusions to which no response is required.

26. With respect to the allegations of paragraph 26, the Plaintiffs refer to the Disclosure Statement, and deny the allegations to the extent they are inconsistent with the Disclosure Statement, except to the extent they state legal conclusions to which no response is required.

27. With respect to the allegations of paragraph 27, the Plaintiffs refer to the Disclosure Statement and the Final Cash Collateral Order, and deny the allegations to the extent they are inconsistent with those documents, except to the extent they state legal conclusions to which no response is required.

28. With respect to the allegations of paragraph 28, the Plaintiffs refer to the Disclosure Statement, and deny the allegations to the extent they are inconsistent with the

Disclosure Statement, except to the extent they state legal conclusions to which no response is required.

29.     With respect to the allegations of paragraph 29, the Plaintiffs refer to the Disclosure Statement, and deny the allegations to the extent they are inconsistent with the Disclosure Statement, except to the extent they state legal conclusions to which no response is required.

30.      The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and otherwise deny the allegations of paragraph 30 and accompanying footnote 5, except to the extent they state legal conclusions to which no response is required.

31.     The Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, and refer to the Counterclaims for a complete and accurate description of those counterclaims.  The Plaintiffs otherwise deny the allegations of paragraph 31, except to the extent they state legal conclusions to which no response is required.

32.     Paragraph 32 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to the Scheduling Order and deny the allegations to the extent they are inconsistent with the Scheduling Order.

33.     The Plaintiffs refer to the Final Cash Collateral Order for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 33, except to the extent they state legal conclusions to which no response is required.

34.     The Plaintiffs admit that on May 13, 2013, the Debtors, Ally, the Committee and the Consenting Claimants entered into the PSA, and refer to the PSA and the Examiner Report for a complete and accurate description of their contents.  The Plaintiffs otherwise deny the

allegations of paragraph 34, except to the extent they state legal conclusions to which no response is required.

35. With respect to the allegations of paragraph 35, the Plaintiffs refer to the Disclosure Statement, the PSA and the Examiner Report for their contents, and deny the allegations to the extent they are inconsistent with those documents, except to the extent that they state legal conclusions to which no response is required.

36. The Plaintiffs refer to the Amended Complaint, the JSN Pledge Agreement, and the Intercreditor Agreement for a complete and accurate description of their contents, and otherwise deny the allegations of paragraph 36 and accompanying footnote 6, except to the extent they state legal conclusions to which no response is required.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 37.

38. The Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, and refer to the Counterclaims for a complete and accurate description thereof. The Plaintiffs otherwise deny the allegations of paragraph 38, except to the extent they state legal conclusions to which no response is required.

39. With respect to the allegations of paragraph 39, the Plaintiffs refer to the Final Cash Collateral Order, the Debtors' SEC filings, and the Debtors' tax returns for a complete and accurate description of their contents, and refer to the Disclosure Statement for a description of the Debtors' intercompany balances, and otherwise deny the allegations to the extent they are inconsistent with those documents, except to the extent they state legal conclusions to which no response is required.

40.     With respect to the allegations of paragraph 40, the Plaintiffs refer to the Disclosure Statement for a description of their intercompany balances, and deny the allegations to the extent they are inconsistent with the Disclosure Statement, except to the extent they state legal conclusions to which no response is required.

41.     With respect to the allegations of paragraph 41, the Plaintiffs refer to the Disclosure Statement for a description of the Debtors' intercompany balances, and deny the allegations to the extent they are inconsistent with the Disclosure Statement, except to the extent they state legal conclusions to which no response is required.

42.     The Plaintiffs admit that, on June 30, 2012, the Debtors filed their SOALs, and refer to the SOALs for a complete and accurate description of their contents.  The Plaintiffs otherwise deny the allegations of paragraph 42, except to the extent they state legal conclusions to which no response is required.

43.     The Plaintiffs refer to the JSN Pledge Agreement for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 43, except to the extent they state legal conclusions to which no response is required.

44.     The Plaintiffs refer to the JSN Pledge Agreement for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 44, except to the extent they state legal conclusions to which no response is required.

45.     The Plaintiffs deny the allegations of paragraph 45.

46.     The Plaintiffs deny the allegations of paragraph 46.

47.     The Plaintiffs refer to the *Debtors' Complaint to Determine Extent of Liens and for Declaratory Judgment*, filed on May 3, 2013 [Adv. Pro. Docket No. 1], the PSA, the Amended Complaint, the *Debtors' Omnibus Reply in Further Support of Debtors' Motion for an*

*Order Under Bankruptcy Code Sections 105(a) and 363(b) Authorizing the Debtors to Enter Into and Perform Under a Plan Support Agreement with Ally Financial Inc., the Creditors' Committee and Certain Consenting Claimants*, filed on June 24, 2013 [Docket No. 4066], and the June 26, 2013 Hearing Transcript for a complete and accurate description of their contents, and otherwise deny the allegations of paragraph 47, except to the extent they state legal conclusions to which no response is required.

48.     With respect to the factual allegations of paragraph 48, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court and refer to the Counterclaims for a complete and accurate description thereof. The Plaintiffs otherwise deny the allegations of paragraph 48, except to the extent they state legal conclusions to which no response is required.

49.     The allegations of the first sentence of paragraph 49 state legal conclusions to which no response is required, and to the extent a response is required, the Plaintiffs deny the allegations of the first sentence of paragraph 49. With respect to the remaining allegations of paragraph 49, the Plaintiffs admit that certain RMBS Trusts, monoline insurers, and holders of RMBS securities have filed proofs of claim against the Debtors, refer to those proofs of claim for complete and accurate descriptions thereof, and otherwise deny the allegations of paragraph 49.

50.     Paragraph 50 states legal conclusions to which no response is required, and to the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 50.

51.     Paragraph 51 states legal conclusions to which no response is required, and to the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 51.

52.     Paragraph 52 states legal conclusions to which no response is required, and to the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 52.

53.     Paragraph 53 states legal conclusions to which no response is required, and to the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 53.

54.     The first sentence of paragraph 54 states legal conclusions to which no response is required, and to the extent a response is deemed required, the Plaintiffs deny the allegations of the first sentence of paragraph 54.  With respect to the allegations of the second sentence of paragraph 54, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, and refer to the Counterclaims for a complete and accurate description thereof.  The Plaintiffs otherwise deny the allegations of paragraph 54.

55.     The Plaintiffs refer to the Final Cash Collateral Order and the Orders dated November 21, 2012 approving the Asset Sales [Docket Nos. 2246, 2247] for a complete and accurate description of their contents, and deny the allegations of paragraph 55 to the extent they are inconsistent with those documents, except to the extent they state legal conclusions to which no response is required.

56.     The Plaintiffs refer to the Ocwen APA for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 56, except to the extent they state legal conclusions to which no response is required.

57.     The Plaintiffs refer to the sale materials referenced in the allegations of the first four sentences of paragraph 57 for a complete and accurate description of their contents, and otherwise deny the allegations of the first four sentences of paragraph 57.  The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations in the fifth sentence of paragraph 57.

58.     The Plaintiffs deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 58.

15451242

59.     The Plaintiffs refer to the *Debtors' Motion for the Entry of an Order Further Extending Their Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof*, filed December 6, 2012 [Docket No. 2355] for a complete and accurate description of its contents, and otherwise admit the allegations of paragraph 59.

60.     The Plaintiffs refer to the referenced sale materials for a complete and accurate description of their contents, and admit that the sale prices reflected an increase in price from the original stalking horse bids and that the Debtors have stated that the businesses were sold as going-concerns.  The Plaintiffs deny knowledge or information sufficient to form a belief as to what "the purchasers have publicly confirmed."  The Plaintiffs otherwise deny the allegations of paragraph 60.

61.     The Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court and refer to the Counterclaims for a complete and accurate description thereof.

62.     The Plaintiffs refer to the Final Cash Collateral Order and the Amended Complaint for a complete and accurate description of their contents, and otherwise deny the allegations of paragraph 62.

63.     The Plaintiffs refer to the loan documents referenced in paragraph 63 for a complete and accurate description of their contents, and otherwise deny the allegations of paragraph 63, except to the extent they state legal conclusions to which no response is required.

64.     The Plaintiffs admit that, in the years following the incurrence of the AFI LOC, assets that had been pledged by various Debtor Obligors to support the Junior Secured Notes were released, and refer to the UCC Forms cited in paragraph 64 for a complete and accurate

description of their contents. The Plaintiffs otherwise deny the allegations of paragraph 64, except to the extent they state legal conclusions to which no response is required.

65. The Plaintiffs admit that, at or around the same time, several Debtor Obligors granted liens on collateral that had been released to AFI as lender under the AFI LOC, and refer to the UCC Forms cited in paragraph 65 for a complete and accurate description of their contents. The Plaintiffs otherwise deny the allegations of paragraph 65, except to the extent they state legal conclusions to which no response is required.

66. The Plaintiffs refer to the JSN Indenture and JSN Security Agreement for a complete and accurate description of their contents, and otherwise deny the allegations of paragraph 66, except to the extent they state legal conclusions to which no response is required.

67. The Plaintiffs refer to the JSN Indenture for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 67, except to the extent they state legal conclusions to which no response is required.

68. The Plaintiffs refer to the JSN Indenture for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 68, except to the extent they state legal conclusions to which no response is required.

69. The Plaintiffs refer to the JSN Indenture and JSN Pledge Agreement for a complete and accurate description of their contents, and otherwise deny the allegations of paragraph 69, except to the extent they state legal conclusions to which no response is required.

70. The allegations of the first sentence of paragraph 70 state legal conclusions to which no response is required. To the extent a response is deemed required, the Plaintiffs deny the allegations of the first sentence of paragraph 70. With respect to the allegations in the second sentence of paragraph 70, the Plaintiffs admit that the Defendants filed counterclaims seeking

declaratory judgments from this Court, and refer to the Counterclaims for a complete and accurate description thereof.

71.     The Plaintiffs refer to the Final Cash Collateral Order for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 71, except to the extent they state legal conclusions to which no response is required.

72.     The Plaintiffs refer to the Final Cash Collateral Order for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 72, except to the extent they state legal conclusions to which no response is required.

73.     The Plaintiffs refer to the Final Cash Collateral Order for a complete and accurate description of its contents, and otherwise deny the allegations of paragraph 73, except to the extent they state legal conclusions to which no response is required.

74.     The Plaintiffs deny the allegations of paragraph 74.

75.     The Plaintiffs refer to the Amended Complaint for a complete and accurate description of their contentions, and otherwise deny the allegations of paragraph 75, except to the extent they state legal conclusions to which no response is required.

76.     Paragraph 76 states legal conclusions to which no response is required.  To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 76.

77.     Paragraph 77 contains no factual allegations to which a response is required.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, and refer to the Counterclaims for a complete and accurate description thereof.

78.     The Plaintiffs deny the allegations of paragraph 78, except to the extent they state legal conclusions as to which no response is required.

15451242

79.     Paragraph 79 states legal conclusions to which no response is required.  To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 79.

80.     Paragraph 80 states legal conclusions to which no response is required.  To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 80.

81.     Paragraph 81 states legal conclusions to which no response is required.  To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 81.

82.     Paragraph 82 states legal conclusions to which no response is required.  To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 82.

83.     Paragraph 83 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 83, except to the extent they state legal conclusions to which no response is required.

84.     Paragraph 84 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 83.

85.     Paragraph 85 states legal conclusions to which no response is required.

86.     Paragraph 86 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 85.

87.     The Plaintiffs refer to the Final Cash Collateral Order for a complete and accurate description of its contents, refer to the Amended Complaint for a complete and accurate

description of the Debtors' contentions, and deny the allegations of paragraph 87 to the extent they are inconsistent with those documents.

88. Paragraph 88 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 88, except to the extent they state legal conclusions to which no response is required.

89. Paragraph 89 states legal conclusions to which no response is required. To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 89.

90. Paragraph 90 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 89.

91. The Plaintiffs refer to the Final Cash Collateral Order for a complete and accurate description its contents, refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 91 to the extent they are inconsistent with those documents.

92. Paragraph 92 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 92, except to the extent they state legal conclusions to which no response is required.

93. Paragraph 93 states legal conclusions to which no response is required. To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 93.

94.     Paragraph 94 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 93.

95.     The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 95, and deny the allegations of paragraph 95 to the extent they are inconsistent with those documents.

96.     Paragraph 96 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 96, except to the extent they state legal conclusions to which no response is required.

97.     Paragraph 97 states legal conclusions to which no response is required.  To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 97.

98.     Paragraph 98 states legal conclusions to which no response is required.

99.     Paragraph 99 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 98.

100.    The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 100, and deny the allegations of paragraph 100 to the extent they are inconsistent with those documents.

101.     Paragraph 101 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 101, except to the extent they state legal conclusions to which no response is required.

102.     Paragraph 102 states legal conclusions to which no response is required.  To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 102.

103.     Paragraph 103 states legal conclusions to which no response is required.

104.     Paragraph 104 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 103.

105.     The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 105 to the extent they are inconsistent with the Amended Complaint.

106.     Paragraph 106 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 106, except to the extent they state legal conclusions to which no response is required.

107.     Paragraph 107 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and

accurate description thereof, and otherwise deny the allegations of paragraph 107, except to the extent they state legal conclusions to which no response is required.

108.     Paragraph 108 states legal conclusions to which no response is required.

109.     Paragraph 109 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 108.

110.     The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 110 to the extent they are inconsistent with the Amended Complaint.

111.     Paragraph 111 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 111, except to the extent they state legal conclusions to which no response is required.

112.     Paragraph 112 states legal conclusions to which no response is required.

113.     Paragraph 113 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 112.

114.     The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, refer to the Committee Complaint for a complete and accurate description of the Committee's contentions, and deny the allegations of paragraph 114 to the extent they are inconsistent with those documents.

15451242

115.     Paragraph 115 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 115, except to the extent they state legal conclusions to which no response is required.

116.     Paragraph 116 states legal conclusions to which no response is required.

117.     Paragraph 117 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 116.

118.     The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 118, and deny the allegations of paragraph 118 to the extent they are inconsistent with those documents.

119.     Paragraph 119 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 119, except to the extent they state legal conclusions to which no response is required.

120.     Paragraph 120 states legal conclusions to which no response is required.

121.     Paragraph 121 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 120.

122.     The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 122 to the extent they are inconsistent with the Amended Complaint.

123.     Paragraph 123 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 123, except to the extent they state legal conclusions to which no response is required.

124.     Paragraph 124 states legal conclusions to which no response is required.

125.     Paragraph 125 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 124.

126.     The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 126, and deny the allegations of paragraph 126 to the extent they are inconsistent with those documents.

127.     Paragraph 127 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 127, except to the extent they state legal conclusions to which no response is required.

128.     Paragraph 128 states legal conclusions to which no response is required.  To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 128.

15451242

129. Paragraph 129 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 128.

130. The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 130, and deny the allegations of paragraph 130 to the extent they are inconsistent with those documents.

131. Paragraph 131 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 131, except to the extent they state legal conclusions to which no response is required.

132. Paragraph 132 states legal conclusions to which no response is required. To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 132.

133. Paragraph 133 states legal conclusions to which no response is required.

134. Paragraph 134 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 133.

135. The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 135, and deny the allegations of paragraph 135 to the extent they are inconsistent with those documents.

15451242

136.     Paragraph 136 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 136, except to the extent they state legal conclusions to which no response is required.

137.     Paragraph 137 states legal conclusions to which no response is required.

138.     Paragraph 138 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 137.

139.     The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 139, and deny the allegations of paragraph 139 to the extent they are inconsistent with those documents.

140.     Paragraph 140 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 140, except to the extent they state legal conclusions to which no response is required.

141.     Paragraph 141 states legal conclusions to which no response is required.

142.     Paragraph 142 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 141.

143.     The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 143, and deny the allegations of paragraph 143 to the extent they are inconsistent with those documents.

144.     Paragraph 144 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 144, except to the extent they state legal conclusions to which no response is required.

145.     Paragraph 145 states legal conclusions to which no response is required.

146.     Paragraph 146 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 145.

147.     The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 147, and deny the allegations of paragraph 147 to the extent they are inconsistent with those documents.

148.     Paragraph 148 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 148, except to the extent they state legal conclusions to which no response is required.

149.     Paragraph 149 states legal conclusions to which no response is required.

150.     Paragraph 150 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 149.

151.     The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 151, and deny the allegations of paragraph 151 to the extent they are inconsistent with those documents.

152.     Paragraph 152 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 152, except to the extent they state legal conclusions to which no response is required.

153.     Paragraph 153 states legal conclusions to which no response is required.

154.     Paragraph 154 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 153.

155.     The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 155, and deny the allegations of paragraph 155 to the extent they are inconsistent with those documents.

156.     Paragraph 156 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and

accurate description thereof, and otherwise deny the allegations of paragraph 156, except to the extent they state legal conclusions to which no response is required.

157. Paragraph 157 states legal conclusions to which no response is required.

158. Paragraph 158 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 157.

159. The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 159, and deny the allegations of paragraph 159 to the extent they are inconsistent with those documents.

160. Paragraph 160 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 160, except to the extent they state legal conclusions to which no response is required.

161. Paragraph 161 states legal conclusions to which no response is required.

162. Paragraph 162 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 161.

163. The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 163, and deny the allegations of paragraph 163 to the extent they are inconsistent with those documents.

15451242

164.     Paragraph 164 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 164, except to the extent they state legal conclusions to which no response is required.

165.     Paragraph 165 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 165, except to the extent they state legal conclusions to which no response is required.

166.     Paragraph 166 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 166, except to the extent they state legal conclusions to which no response is required.

167.     Paragraph 167 states legal conclusions to which no response is required.

168.     Paragraph 168 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 167.

169.     The Plaintiffs refer to the Amended Complaint and the Disclosure Statement for a complete and accurate description of the Debtors' contentions and representations concerning the subject matter of paragraph 169, and deny the allegations of paragraph 169 to the extent they are inconsistent with those documents.

170. Paragraph 170 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 170, except to the extent they state legal conclusions to which no response is required.

171. Paragraph 171 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 171, except to the extent they state legal conclusions to which no response is required.

172. Paragraph 172 states legal conclusions to which no response is required.

173. Paragraph 173 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 172.

174. The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 174 to the extent they are inconsistent with the Amended Complaint.

175. Paragraph 175 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 175, except to the extent they state legal conclusions to which no response is required.

176. Paragraph 176 states legal conclusions to which no response is required. To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 176.

177. Paragraph 177 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 176.

178. The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, refer to the Final Cash Collateral Order and JSN Indenture for a complete and accurate description of those documents, and deny the allegations of paragraph 178 to the extent they are inconsistent with those documents.

179. Paragraph 179 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 179, except to the extent they state legal conclusions to which no response is required.

180. Paragraph 180 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 180, except to the extent they state legal conclusions to which no response is required.

181. Paragraph 181 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and

accurate description thereof, and otherwise deny the allegations of paragraph 181, except to the extent they state legal conclusions to which no response is required.

182.    Paragraph 182 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 182, except to the extent they state legal conclusions to which no response is required.

183.    Paragraph 183 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 183, except to the extent they state legal conclusions to which no response is required.

184.    Paragraph 184 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 184, except to the extent they state legal conclusions to which no response is required.

185.    Paragraph 185 states legal conclusions to which no response is required.

186.    Paragraph 186 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 185.

187. The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 187 to the extent they are inconsistent with the Amended Complaint.

188. Paragraph 188 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 188, except to the extent they state legal conclusions to which no response is required.

189. Paragraph 189 states legal conclusions to which no response is required.

190. Paragraph 190 contains no factual allegations requiring a response. To the extent that paragraph 190 is deemed to require a response, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 189.

191. The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 191 to the extent they are inconsistent with the Amended Complaint.

192. Paragraph 192 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 192, except to the extent they state legal conclusions to which no response is required.

193. Paragraph 193 states legal conclusions to which no response is required.

15451242

194.     Paragraph 194 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 193.

195.     The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 195 to the extent they are inconsistent with the Amended Complaint.

196.     Paragraph 196 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 196, except to the extent they state legal conclusions to which no response is required.

197.     Paragraph 197 states legal conclusions to which no response is required.

198.     Paragraph 198 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 197.

199.     The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 199 to the extent they are inconsistent with the Amended Complaint.

200.     Paragraph 200 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 200, except to the extent they state legal conclusions to which no response is required.

201.     Paragraph 201 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 201, except to the extent they state legal conclusions to which no response is required.

202.     Paragraph 202 states legal conclusions to which no response is required.

203.     Paragraph 203 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 202.

204.     The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 204 to the extent they are inconsistent with the Amended Complaint.

205.     Paragraph 205 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 205, except to the extent they state legal conclusions to which no response is required.

206.     Paragraph 206 states legal conclusions to which no response is required.  To the extent a response is deemed required, the Plaintiffs deny the allegations of paragraph 206.

207.     Paragraph 207 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 206.

15451242

208.    The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 208 to the extent they are inconsistent with the Amended Complaint.

209.    Paragraph 209 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 209, except to the extent they state legal conclusions to which no response is required.

210.    Paragraph 210 states legal conclusions to which no response is required.

211.    Paragraph 211 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 210.

212.    The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 212 to the extent they are inconsistent with the Amended Complaint.

213.    Paragraph 213 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 213, except to the extent they state legal conclusions to which no response is required.

214.    Paragraph 214 states legal conclusions to which no response is required.

215.     Paragraph 215 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 214.

216.     With respect to the allegations of paragraph 216, the Plaintiffs refer to the Disclosure Statement and the Debtors' monthly operating reports, and deny the allegations to the extent they are inconsistent with those documents, except to the extent they state legal conclusions to which no response is required.

217.     The Plaintiffs deny the allegations of paragraph 217.

218.     The Plaintiffs deny the allegations of the first two sentences of paragraph 218. The third sentence of paragraph 218 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of the third sentence of paragraph 218, except to the extent they state legal conclusions to which no response is required.

219.     Paragraph 219 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 218.

220.     The Plaintiffs refer to the Amended Complaint for a complete and accurate description of the Debtors' contentions, and deny the allegations of paragraph 220 to the extent they are inconsistent with the Amended Complaint.

221.     Paragraph 221 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and

accurate description thereof, and otherwise deny the allegations of paragraph 221, except to the extent they state legal conclusions to which no response is required.

222. Paragraph 222 states legal conclusions to which no response is required.

223. Paragraph 223 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 222.

224. The Plaintiffs admit that the Debtors have not initiated any action pursuant to Section 510(b) of the Bankruptcy Code seeking to subordinate claims asserted by an RMBS Trust to general unsecured claims, and otherwise deny the allegations of paragraph 224, except to the extent they state legal conclusions to which no response is required.

225. Paragraph 225 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 225, except to the extent they state legal conclusions to which no response is required.

226. Paragraph 226 states legal conclusions to which no response is required.

227. Paragraph 227 contains no factual allegations requiring a response. To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 226.

228. The Plaintiffs admit that the Debtors have not initiated any action pursuant to Section 510(b) of the Bankruptcy Code seeking to subordinate claims asserted by a monoline insurer to general unsecured claims, and otherwise deny the allegations of paragraph 228, except to the extent they state legal conclusions to which no response is required.

229.     Paragraph 229 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 229, except to the extent they state legal conclusions to which no response is required.

230.     Paragraph 230 states legal conclusions to which no response is required.

231.     Paragraph 231 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs refer to and reassert their answers to paragraphs 1 through 230.

232.     The Plaintiffs deny the allegations of paragraph 232.

233.     Paragraph 233 contains no factual allegations requiring a response.  To the extent a response is deemed required, the Plaintiffs admit that the Defendants filed counterclaims seeking declaratory judgments from this Court, refer to the Counterclaims for a complete and accurate description thereof, and otherwise deny the allegations of paragraph 233, except to the extent they state legal conclusions to which no response is required.

234.     Paragraph 234 states legal conclusions to which no response is required.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

235.     The Defendants fail to state a cause of action for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

236.     The Defendants' claims are barred, in whole or in part, by reason of unclean hands.

15451242

## THIRD AFFIRMATIVE DEFENSE

237.    The Defendants' claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

238.    The Defendants' claims are barred, in whole or in part, by the doctrine of *res judicata*.

## FIFTH AFFIRMATIVE DEFENSE

239.    The Defendants' claims are barred, in whole or in part, by the doctrine of collateral estoppel.

## SIXTH AFFIRMATIVE DEFENSE

240.    The Defendants ratified and approved the acts complained of in the Counterclaims and are therefore barred from any recovery.

## SEVENTH AFFIRMATIVE DEFENSE

241.    The Defendants' claims are barred because they lack standing.

## EIGHTH AFFIRMATIVE DEFENSE

242.    The Defendants' claims are barred because they seek an advisory opinion in violation of the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

243.    The Defendants' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TENTH AFFIRMATIVE DEFENSE

244.    The Defendants' claims are barred, in whole or in part, by the doctrine of release.

## ELEVENTH AFFIRMATIVE DEFENSE

245.     The Defendants' claims are barred, in whole or in part, due to their inequitable conduct.

## TWELFTH AFFIRMATIVE DEFNESE

246.     The Defendants' claims are barred, in whole or in part, because the Defendants failed to join a party under Rule 19 of the Federal Rules of Civil Procedure, made applicable to this Adversary Proceeding by Rule 7019 of the Federal Rules of Bankruptcy Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

247.     The equities in this case weigh against the relief that the Defendants seek.

## FOURTEENTH AFFIRMATIVE DEFENSE

248.     The Defendants' claims are barred, in whole or in part, by the "equities of the case" exception in Section 552(b)(1) of the Bankruptcy Code.  This affirmative defense is asserted only by the Committee.

## FIFTEENTH AFFIRMATIVE DEFENSE

249.     The Defendants' claims are barred, in whole or in part, by unjust enrichment.

## SIXTEENTH AFFIRMATIVE DEFENSE

250.     The Defendants' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## RESERVATION OF RIGHTS

251.     The Plaintiffs reserve the right to assert additional defenses as facts are learned through discovery.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs request that the Bankruptcy Court deny the relief

sought by the Defendants, dismiss the Counterclaims with prejudice and grant the Plaintiffs

such other and further relief as may be just and proper.


Dated:  New York, NY
       July 16, 2013

MORRISON & FOERSTER LLP
 /s/ Stefan W. Engelhardt
Gary S. Lee
Jamie A. Levitt
Stefan W. Engelhardt
Todd M. Goren
Samantha Martin
1290 Avenue of the Americas
New York, New York 10104
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the Debtors*

-and-


CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP
 /s/ Theresa A. Foudy
Steven J. Reisman
Michael Moscato
Theresa A. Foudy
101 Park Avenue
New York, NY 10178
Telephone:  (212) 696-8860
Facsimile:  (212) 697-1559

*Counsel for the Debtors and
Debtors in Possession*

Respectfully submitted,

KRAMER LEVIN NAFTALIS &
 FRANKEL LLP
 /s/ Gregory A. Horowitz
Gregory A. Horowitz
Kenneth H. Eckstein
Douglas Mannal
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

*Counsel to the Official Committee of
Unsecured Creditors*

-and-


PACHULSKI STANG ZIEHL &
 JONES LLP
 /s/ John A. Morris
Robert J. Feinstein
John A. Morris
780 Third Avenue, 36th Floor
New York, New York 10017
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777

*Counsel to the Official Committee of
Unsecured Creditors*

15451242